BARNES *v.* TANNEHILL.

Replevin. The first count charged the tortious taking and unlawful detaining of the plaintiff's horse. The writ commanded the sheriff to summon the defendant to answer the plaintiff concerning the unlawful detention of the plaintiff's horse, &c. *Held*, on demurrer to that count, that the variance was fatal.

To the second count, which was for unlawfully detaining the plaintiff's horse, the defendant pleaded, that at the time, &c., viz., on the 20th of *June*, 1840, at the county aforesaid, the horse was taken up by the defendant as an estray, he being then and there going astray, at defendant's place of residence in *Indian* creek township, in said county, and the defendant being then and there a freeholder; that by virtue of said taking up of the horse, the defendant had a right to detain him, and did detain him, until as hereinafter mentioned; that afterwards, viz., on the 22d of *June*, 1840, at the county aforesaid, the defendant, pursuant to law, caused said taking up of the horse to be advertised in three of the most public places in said township, giving in the advertisements a particular description of the horse, and the time when he was taken up; that afterwards, viz., on the 25th of *June*, 1840, and before ten days had expired after advertising as aforesaid, the plaintiff brought this action of replevin, by virtue of which he then and there obtained possession of the horse, &c.; and this the defendant is ready to verify; wherefore he prays judgment, &c. *Held*, on special demurrer, that the plea was good.

*Nov. Term,*
**1845.**

BARNES
v.
TANNEHILL.

ERROR to the *Lawrence* Circuit Court.

BLACKFORD, J.—This was an action of replevin. The declaration contains two counts. The first is for tortiously taking and unlawfully detaining a certain bay horse belonging to the plaintiff. The second is for unlawfully detaining a certain other bay horse belonging to the plaintiff.

The writ, *oyer* of which was obtained by the defendant, commanded the sheriff to summon the defendant to appear, &c., and answer the plaintiff of and concerning the unlawful detention of the plaintiff's horse, &c.

Demurrer to the first count, because of the variance between that count and the writ; the former alleging a tortious taking, the latter only an unlawful detention. Demurrer sustained.

Pleas to the second count, 1. Non detinet; 2. That at the time, &c., viz., on the 20th of *June*, 1840, at the county aforesaid, the horse mentioned in the declaration was taken up by the defendant as an estray, said horse being then and there going astray, at defendant's place of residence in *Indian* creek township, in said county, and the defendant being then and there a freeholder; that by virtue of said taking up of the horse, the defendant had a right to detain him, and did detain him, until as hereinafter mentioned; that afterwards, viz., on the 22d of *June*, 1840, at the county aforesaid, the defendant, pursuant to law, caused said taking up of the horse to be advertised in three of the most public places in said township, giving in the advertisements a particular de-

*Saturday,*
*January* 10,
1846.

scription of the horse, and the time when he was taken up; that afterwards, viz., on the 25th of *June*, 1840, and before ten days had expired after advertising as aforesaid, the plaintiff brought this action of replevin, by virtue of which he then and there obtained possession of the horse, &c.; and this the defendant is ready to verify; wherefore he prays judgment, &c.

Special demurrer to this plea, and the demurrer overruled. Judgment for the defendant.

The first count is bad, in consequence of the variance pointed out by the demurrer.

The plaintiff assigned various causes of demurrer to the second plea. One is, that the plea amounts to the general issue. The general issue is non detinet, which is a denial of the defendant's detention of the plaintiff's goods. The plea demurred to admits the detaining of the plaintiff's horse, but sets up matter in avoidance. Another cause assigned is, that the place where the horse was taken up is not sufficiently stated, the words, " the county aforesaid," being used when no county had been previously mentioned in the plea. We think, however, that the county named as a venue in the declaration is referred to by said words, " the county aforesaid." There are other objections made to the plea, viz., that it omits to aver that the defendant was not guilty of any abuse of the horse; that he had not suffered him to be worked; that he did not drive him out of the woods, &c. These objections are untenable. If the defendant, in regard to the estray, violated the law, that was matter to be replied. It is also objected, that the manner in which the writ of replevin was obtained is not properly set out. We think the averment in the plea relative to the action of replevin was unnecessary, and may be treated as surplusage. Another cause of demurrer assigned is, that the plea should not have concluded with a verification, but with a prayer for a return of the horse. The verification is right. The plea prays "for a judgment, &c." There might have been a prayer for a return, but the omission is not objectionable even on special demurrer. A mere prayer of judgment, not specifying any particular *kind* of judgment, is sufficient. Gould on Plead. 298, and the

cases there cited. There are some other causes of demurrer assigned, but they are unimportant.

Two bills of exceptions were taken by the plaintiff, but they show no error in the proceedings.

*Per Curiam.*—The judgment is affirmed with costs.

*J. S. Watts*, for the plaintiff.

*C. P. Hester*, for the defendant.